**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1369**

———————

POCAHONTAS COAL COMPANY, LLC; BRICKSTREET/ENCOVA MUTUAL INSURANCE,

        Petitioners,

    v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; RONNIE L. WOLFORD,

        Respondents.

———————

On Petition for Review of an Order of the Benefits Review Board. (24-0266 BLA)

———————

Submitted:  April 13, 2026                       Decided:  July 10, 2026

———————

Before GREGORY, WYNN, and RUSHING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**  Joseph D. Halbert, HALBERT LEGAL, PLLC, Lexington, Kentucky, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & AUSTIN, Norton, Virginia, for Respondent Ronnie L. Wolford.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pocahontas Coal Company, LLC ("Pocahontas Coal"), petitions this Court for review of the Benefits Review Board's decision and order affirming the administrative law judge's award of benefits to Ronnie Wolford under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. We deny the petition for review.

I.

Wolford filed his initial claim for black lung benefits in October 2018. The District Director issued a Proposed Decision and Order awarding benefits. Pocahontas Coal disputed the proposed award and requested a hearing before an administrative law judge ("ALJ").

After reviewing the evidence, including testimony from Wolford, the ALJ issued a decision and order awarding benefits. The ALJ found that Wolford had at least 15 years or more of qualifying coal mine employment. The ALJ then found that Wolford had a totally disabling impairment, as supported by arterial blood-gas studies and medical opinion evidence.[1] Thus, the ALJ found that Wolford could invoke the 15-year presumption of total disability. *See* 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305. Finally, the ALJ found that Pocahontas Coal had failed to rebut that presumption and awarded benefits to Wolford.

---

[1] To establish total disability, a miner can submit four types of medical evidence: "(1) qualifying pulmonary function tests . . . , (2) qualifying arterial blood-gas studies . . . , (3) a showing that he has pneumoconiosis and suffers from cor pulmonale with right-sided congestive heart failure, or (4) well-documented and well-reasoned physician's opinions concluding that the miner's respiratory or pulmonary condition prevents him from engaging in his last mining job and similar work." *Island Creek Coal Co. v. Blankenship*, 123 F.4th 684, 688–89 (4th Cir. 2024).

On appeal, the Benefits Review Board ("the Board") concluded that the ALJ did not adequately explain her findings regarding total disability. The ALJ had given three arterial blood-gas studies equal weight and summarily concluded that the preponderance of the evidence supported a finding of total disability.[2] The three studies produced, respectively, (1) non-qualifying values at rest, but qualifying values during exercise; (2) qualifying values during rest (and thus no exercise test was performed); and (3) non-qualifying values at rest and during exercise.[3] The Board vacated the ALJ's determination of total disability and remanded for the ALJ to explain how she had resolved the conflicts between the studies, noting that an ALJ must weigh the quality of the evidence in addition to its quantity.

On remand, the ALJ reconsidered the studies and found that the study that had resulted in non-qualifying values at rest and during exercise (study (3) above) should be

---

[2] There was a fourth arterial blood-gas study that resulted in a non-qualifying value at rest. However, the ALJ gave that study little probative weight because it did not comply with a requirement under 20 C.F.R. § 718.105(b) to perform an exercise test, absent medical contraindications, after a non-qualifying resting test. *See, e.g.*, *Lane v. Union Carbide Corp.*, 105 F.3d 166, 173 (4th Cir. 1997). Pocahontas Coal argues that the ALJ should not have discredited the resting test. We disagree. We have held that "it is appropriate to give little weight to medical findings that conflict with the Black Lung Act's implementing regulations." *Extra Energy, Inc. v. Lawson*, 140 F.4th 138, 147 (4th Cir. 2025) (cleaned up).

[3] Arterial blood-gas studies "produce numeric values and the Department of Labor has promulgated tables identifying which values indicate that a miner is totally disabled." *Island Creek Coal*, 123 F.4th at 689 n.2 (citing 20 C.F.R. § 718.204(b)(2)). "When the values produced by a [study] meet the values listed in those tables a miner is totally disabled, and the test is referred to as 'qualifying.'" *Id.* The test is initially administered at rest. 20 C.F.R. § 718.105(b). If the resting results are qualifying, the study may end, but non-qualifying results require a subsequent test during exercise "unless medically contraindicated." *Id.*

3

ascribed lesser weight than the study that had resulted in non-qualifying values at rest but qualifying values during exercise (study (1) above). That finding was based on a difference between the length of the exercise portion: The former lasted three minutes and 23 seconds, while the latter lasted five minutes. A longer test, the ALJ reasoned, was more indicative of Wolford's ability to perform in his last coal mine employment. The ALJ found that this greater weight accorded to the qualifying exercise study, combined with the study that resulted in a qualifying value at rest (study (2) above), supported a finding of total disability.[4]

On appeal, the Board affirmed in a split decision. The Board rejected Pocahontas Coal's argument that the ALJ impermissibly gave lesser weight to the shorter exercise study, concluding that the ALJ had complied with its remand instructions to adequately explain the weight she accorded the conflicting evidence. The dissent found merit in Pocahontas Coal's argument, however, and would have concluded that only those with medical knowledge could review the two exercise studies and evaluate their relative strenuousness.

Pocahontas Coal petitioned this Court for review.

---

[4] The ALJ also found that medical opinion evidence supported a finding of total disability. Pocahontas Coal challenges this analysis as flawed because it derived from the ALJ's allegedly flawed assessment of the arterial blood-gas study evidence. Because we conclude that the ALJ properly assessed the arterial blood-gas study evidence, this claim fails. We similarly reject Pocahontas Coal's arguments that we should reweigh the medical opinion evidence more generally.

4

II.

"We apply the same standard the Board does when reviewing an administrative law judge's decision." *Dominion Coal Corp. v. DOWCP*, 164 F.4th 353, 359 (4th Cir. 2026) (cleaned up). "We evaluate the Board's legal conclusions de novo but defer to the ALJ's factual findings if supported by substantial evidence." *Island Creek Coal Co. v. Blankenship*, 123 F.4th 684, 690 (4th Cir. 2024). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). Further, an ALJ must "adequately explain why he credited certain evidence and discredited other evidence." *Dominion Coal*, 164 F.4th at 359 (quotation omitted). "Although this requirement is not intended to be a mandate for administrative verbosity, a reviewing court must be able to discern what the judge did and why he did it." *Id.* (cleaned up).

III.

Pocahontas Coal argues that the ALJ's determination that the shorter exercise study was less strenuous and of less probative weight was a medical inference that was unsupported by any expert evidence. In essence, Pocahontas Coal argues that an ALJ may only resolve conflicts in medical evidence by reviewing an additional layer of evidence about the evidence.

But as we have explained before, this argument "misapprehend[s] the ALJ's role." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 185 (4th Cir. 1999). When hearing a claim under the Black Lung Benefits Act, an ALJ "is empowered to make credibility determinations and to weigh the evidence presented. Moreover, as trier of fact, the ALJ is

5

not bound to accept the opinion or theory of any medical expert." *Id.* (quotation omitted). Indeed, the ALJ is required to "evaluate the evidence, weigh it, and draw his own conclusions." *Id.* (quoting *Underwood v. Elkay Mining, Inc.*, 105 F.3d 946, 949 (4th Cir. 1997); *see Lane v. Union Carbide Corp.*, 105 F.3d 166, 173 (4th Cir. 1997) ("The ALJ may weigh the medical evidence and draw his own conclusions."). Indeed, "[w]e must affirm the ALJ's resolution of the conflicting medical evidence as long as substantial evidence supports his resolution." *Lane*, 105 F.3d at 174.

Here, we conclude that substantial evidence supports the ALJ's determination that a preponderance of the arterial blood-gas study evidence supports a finding of total disability.

In her first decision, the ALJ determined that the combination of two studies, one of which resulted in a qualifying value at rest and one of which resulted in a qualifying value during exercise, outweighed the single study that resulted in non-qualifying values at both rest and during exercise. The Board remanded with instructions for the ALJ to explain how she had resolved the conflict in the studies by undertaking "a quantitative and qualitative analysis of the conflicting results." J.A. 380.[5]

In her second decision, the ALJ reiterated that she saw the first two studies as collectively outweighing the third, and she further explained that she assigned somewhat less probative value to the third study because the exercise portion was of shorter duration, and duration is "indicative of [Wolford's] ability to perform his last coal mine

---

[5] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this matter.

6

employment." J.A. 408. That consideration matters because the ALJ must also determine whether an impairment prevents the miner "[f]rom performing his or her usual coal mine work," 20 C.F.R. § 718.204(b)(1), and the ALJ relied on expert testimony that Wolford's work required "intense labor," J.A. 409.

The Board affirmed, satisfied that the ALJ had done what it had asked by explaining how she had weighed the evidence and resolved conflicts. We find no error in that reasoning.

## IV.

In sum, for the foregoing reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

7